UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SCOTT BAXTER,

                                    Plaintiff,

                                                                                                 DECISION AND ORDER

                                                                                                 11-CV-6254L

                  v.

TECHTRONIC INDUSTRIES CO., LTD.,
TECHTRONIC INDUSTRIES NORTH AMERICA, INC.,
ONE WORLD TECHNOLOGIES,
RYOBI TECHNOLOGIES, INC.,
HOME DEPOT U.S.A., INC.,

                                    Defendants.
_____

## INTRODUCTION

      Guard Insurance Group ("Guard,") as the worker's compensation insurer for named plaintiff Scott Baxter ("Baxter"), brings this action against Techtronic Industries Co., Ltd., Techtronic Industries North America, Inc., One World Technologies, Inc., Ryobi Technologies, Inc., and Home Depot, USA, Inc. (collectively "defendants"). Acting as the assignee of plaintiff's claims pursuant to N.Y. Workers Compensation Law §29(2), Guard alleges products liability and negligence claims arising from severe personal injuries plaintiff sustained due to alleged defects in a table saw designed, manufactured and/or distributed by the defendants. Guard seeks reimbursement for insurance payments made to Baxter on the worker's compensation policy and for other relief.

      The defendants now move for dismissal of this action pursuant to Fed. R. Civ. Proc 12(c), arguing that Guard failed to secure a valid assignment of Baxter's claims prior to initiating the instant suit, and that the statute of limitations has since expired, such that neither Baxter nor Guard can initiate the action. (Dkt. #14) For the following reasons, defendants' motion is denied.

**DISCUSSION**

I.      **The Assignment of Baxter's Claim**

Defendants contend that Guard failed to obtain a proper statutory assignment of Baxter's claim prior to its commencement of the instant action, and hence lacks standing to sue.

The applicable law is well settled. New York Workers' Compensation Law §29(1) and (2) provides that an employee entitled to workers' compensation who is injured by the negligence of a third party may bring an action against the third party within one year after the cause of action accrues. If the employee fails to do so, "such failure shall operate as an assignment of the cause of action against [the third party] to the . . . insurer liable for the payment of such compensation," provided that:

> the insurance insurer shall have notified the claimant in writing by personal service or by certified or registered mail, return receipt requested, at least thirty days prior to the expiration of the [one year period after the cause of action accrued], that such failure to commence such action shall operate as an assignment of whatever cause of action may exist to such insurance insurer. If the insurance insurer shall fail to give such notice, the [one year period] shall be extended until thirty days after the insurance insurer shall have notified the claimant in writing that failure to commence an action within thirty days after the mailing of such notice shall operate as an assignment of the cause of action to such insurer, and in the event the claimant fails to commence such action within thirty days after the mailing of such notice, such failure shall operate as an assignment of such cause of action to such insurer...

N.Y. Workers Comp. Law §29(2).

Baxter's injury occurred (and his causes of action accrued) on May 15, 2008, and he received initial compensation from Guard on or about May 21, 2008. Baxter never commenced an action against the defendants in his own name, and the one-year period for him to do so thus expired on or about May 15, 2009.

On September 23, 2009, Guard sent a letter to Baxter which, Guard contends (and defendants dispute), satisfied its notice obligations under N.Y. Workers Comp. Law §29(2). Because Baxter did not thereafter commence an action against defendants within thirty days after receiving the notice letter, Guard contends that a valid and automatic assignment of Baxter's claims took place thirty days later, on or about October 23, 2009. Guard commenced the instant action on May 11, 2011,

four days prior to the expiration of the applicable three-year statute of limitations. N.Y. CPLR 214(5).

The pivotal and dispositive question posed by defendants' motion, therefore, is whether Guard's September 23, 2009 letter to Baxter comported with its notice obligations under N.Y. Workers Comp. Law §29(2). I find that it does.

The letter sent to Baxter reads, in pertinent part:

> In accordance with N.Y. Consolidated Law Article 2, §29, we are considering filing a third party claim against any individual(s) or entities who may have been responsible for your injuries. As the injured worker, you are entitled to file a third-party claim against any individual(s) or entity responsible for your injury. This letter serves to provide you with notice of our intent with respect to any third party claim, as per the statutory requirements under the workers' compensation Act, as well as applicable case law. I ask that you contact the undersigned and advise if you are pursuing any third party action . . .
>
> I request a response to this letter and the above inquiry in no later than 30 days from your receipt of same. This will ensure adequate time to protect the statute of limitations by filing a complaint, in the event that you elect not to pursue a third party claim. If we do not receive your response within the next 30 days, we will exercise our right to file a third party claim and/or action to seek reimbursement of benefits paid, against any parties who caused, or contributed to, your injury . . ."

(Dkt. #16-4).

The letter was sent to Baxter via certified mail. It informs him of his right to bring suit under Section 29(1). It further states that, should he fail to respond within thirty days, indicating that he has "elect[ed] not to pursue a third party claim" himself, then "[Guard] will exercise [its] right to file a third party claim and/or action to seek reimbursement of benefits paid, against any parties who caused, or contributed to, [Baxter's] injury." (Dkt. #16-4 at 2). On its face, the letter thus notifies Baxter of his right to commence an action against third parties, and notifies him that if he does not intend to file a third party action, then Guard intends to exercise its right to do so.

While the letter does not contain the word "assignment" or otherwise adopt the precise language of Section 29(2), it nonetheless correctly summarizes both Baxter's rights, and Guard's, under Section 29, and explicitly references Section 29(2). It further calls Baxter's attention to the statute of limitations, and explains that if he does not intend to file a third party claim, then Guard

will require time to prepare and file a lawsuit before the time to do so expires (implying that Baxter's right to file a suit, and Guard's, do not exist simultaneously). Defendants have cited no binding, factually on-point authority supporting the proposition that a more explicit notice is required as a matter of law. Defendants have also made no factual allegation that Baxter misinterpreted the letter, failed to grasp that Guard's exercise of its right to file an action would extinguish his right to do so, or otherwise had any objection to Guard's pursuit of this action. (To the contrary, Baxter has retained Guard's counsel, and appears to be cooperating with Guard in the case.)

The cases upon which defendants rely are distinguishable from the instant facts. *See e.g.*, *Sclafani v. Eastman Kodak*, 727 N.Y.S. 2d 277 (Sup. Ct. New York County 2011) (an insurer's utter failure to provide notice of potential assignment to employee prevents automatic assignment under Section 29(2)); *In re Matzner*, 408 N.Y.S.2d 762 (Sup. Ct. Queens County 1978) (holding that where an employee objects to the insurer's settlement of his causes of action, a letter from the insurer that merely told the unsophisticated employee that it intended to commence an action against the third party unless the employee contacted it within 30 days, without any indication that the employee's failure to do so would forfeit and assign his rights to the insurer, was insufficient to satisfy the requirements of Section 29(2) *in light of the liberal construction to be given the Workers' Compensation Law "to benefit the beneficiaries thereof– the employees"*) (emphasis added).

Under the circumstances presented, I find that Guard's September 23, 2009 notice to Baxter satisfied the threshold requirements of Section 29(2), and effected a valid assignment of Baxter's claims against defendants to Guard. Having complied with the requirements of the Worker's Compensation Law, Guard properly commenced this action for reimbursement on account of the alleged negligence of defendants.

**II.     The Caption**

Defendants further contend that the caption in the instant matter, which lists Baxter and not Guard as the plaintiff, should be amended to reflect the actual parties, listing Guard as plaintiff, "as assignee" of Baxter.

I agree that the caption should be changed. Guard is the true plaintiff in the action and should be identified as such. Although Guard has expressed some concern that it might be prejudiced if the jury considered an insurance company, rather than an injured worker, as the true party in interest, I find that a full explanation and/or clarification of the relative interests of the parties and Baxter in this case can be adequately achieved at trial. *See generally United States Gypsum Company v. Riley-Stoker Corp.*, 6 N.Y.2d 188, 191-192 (N.Y. Ct. App. 1959) (jury is entitled to full disclosure of the nature and extent of an injured employee's interest in a Section 29(2) action brought by his self-insured employer). I therefore direct that the caption be amended to list the plaintiff as "Guard Insurance Group, Inc., as assignee of Scott Baxter."

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss (Dkt. #14) is denied. The Clerk is directed to amend the caption and the docket's listing of parties to list the plaintiff as, "Guard Insurance Group, Inc., as assignee of Scott Baxter."

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
           March 14, 2013.